UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-23800-CIV-FAM

DANIELLE HARKINS,

    Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.,

    Defendant.

_____/

**DEFENDANT'S  MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS COUNTS II, V, AND VII OF PLAINTIFF'S COMPLAINT WITH A MEMORANDUM OF LAW IN SUPPORT**

Defendant, HILLSTONE RESTAURANT GROUP, INC., by and through its undersigned counsel and pursuant to the Federal Arbitration Act, 9 U.S.C. §§ I, et seq. ("FAA") and Fed. R. Civ. P. 12(b)(6) hereby files this Motion to Compel Arbitration and Motion to Dismiss Counts II, V and VII of Plaintiff's Complaint.  Defendant respectfully requests that this Court enter an Order: (1) compelling arbitration of Plaintiff's claims; (2) dismissing Counts II, V, and VII for failure to state a claim; and (3) dismissing this action because all claims are subject to arbitration.

In support thereof, Defendant states as follows:

**I.    INTRODUCTION AND PRELIMINARY BACKGROUND**

    **a.  Factual allegations.**

Plaintiff is a former server that voluntarily resigned from employment after Hillstone gave her an opportunity to remain employed, despite being caught stealing toilet paper from the restaurant.  Plaintiff had been employed with Hillstone for approximately 4.5 years when she

resigned. In 2023, Plaintiff took several months of maternity leave and upon her return to work, Hillstone allowed her to take periodic breaks to express breast milk.

After her resignation, Plaintiff filed a Charge with the EEOC alleging sex and pregnancy discrimination. Following an unsuccessful attempt to resolve this case through mediation at the EEOC, she then requested a notice of rights to sue.

Plaintiff filed a thirteen-count complaint alleging sex discrimination, hostile work environment, and retaliation in violation of Title VII, the Florida Civil Rights Act and the Miami-Dade County Human Rights Ordinance (Counts I-IX); pregnancy discrimination and retaliation in violation of the Pregnancy Workers Fairness Act (Counts X and XI) and discrimination and retaliation in violation of the Providing Urgent Maternal Protections for Nursing Mothers Act (PUMP) (Counts XII and XIII). [DE 1]

Plaintiff inserts the term "sexual harassment" in some of the headings in the Complaint, uses it interchangeably with sex discrimination and applies this term along with the phrase "severe or pervasive" in a conclusory manner. Absent from Plaintiff's Complaint are any factual allegations that she was propositioned, touched, or offered benefits in exchange for sex, or allegations of severe and pervasive conduct to support a claim of hostile work environment sexual harassment. [DE 1, ¶¶24-99].

Plaintiff's use of the terms "sexual harassment" and "severe or pervasive" in her Complaint is intended to invoke the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA), 9 U.S.C. §§401, 402 to bypass the arbitration agreement she freely and voluntarily signed when she was hired. The EFAA amended the Federal Arbitration Act to invalidate arbitration agreements for plausibly alleged disputes of sexual harassment. *Id.* A "sexual harassment dispute" as defined by the EFAA, relates "…to conduct that is alleged to constitute sexual harassment under

federal, tribal, or state law." 9 U.S.C. §401(4).  The EFAA gives the plaintiff the option of bringing a sexual harassment claim in court when an otherwise binding arbitration agreement applies.  9 U.S.C. §402(a).

Merely inserting the term "sexual harassment" is insufficient to evade a valid arbitration agreement and proceed with litigation instead of arbitration. The EFAA does not invalidate arbitration agreements when a plaintiff fails to state a claim for *quid pro quo* or hostile work environment sexual harassment that is plausible on its face.

### b. Plaintiff signed an arbitration agreement requiring her to arbitrate.

On August 7, 2019, Plaintiff signed Hillstone's "Mutual Agreement to Arbitrate" (hereinafter referred to as "MAA").  A copy of the signed agreement is attached hereto as Exhibit 1.

The MAA requires Harkins to arbitrate "claims" that she may have against the company, which relate to her employment or termination of her employment. (Exhibit 1).  The term "claims" is defined in the MAA as follows: "…all past, present, future claims, including any pending litigation, for…discrimination or harassment, including but not limited to discrimination or harassment based on sex, pregnancy…retaliation; violation of any federal, state, or other governmental constitution, statute, ordinance or regulation (as originally enacted and as amended)…" (Exhibit 1, ¶4)  The MAA is also clear that it is governed by the Federal Arbitration Act.  (Exhibit 1, ¶3)

## II.  MEMORANDUM OF LAW

### a. Motion to Compel Arbitration

#### i. The MAA signed by Plaintiff is a valid and enforceable arbitration agreement.

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate is valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2; *de la Riva v. Suntrust Bank,* 2022 WL 3681998 (S.D. Fla. April 14, 2022).

The FAA makes clear that courts are to enter orders compelling arbitration of any dispute that is subject to a valid arbitration agreement. *See* 9 USC §3, 4. If a litigant in a court proceeding refuses to arbitrate a dispute within the scope of a valid arbitration agreement, a judicial order compelling arbitration is mandatory. 9 U.S.C. §4. "[T]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985)(emphasis added). "A party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Dulaw Mgmt. Ltd. v. PHL Variable Ins. Co.,* 2008 WL 4525008, at *1 (S.D. Fla. Oct. 6, 2008)(citing *Green True Fin.-Ala. v. Randolph,* 531 U.S. 79, 91 (2000)).

Under the FAA, the court has discretion to dismiss a case when all the issues in the matter are subject to arbitration. 9 U.S.C. §3. Florida district courts have dismissed a lawsuit after the court has issued an order compelling arbitration. *Caley v. Gulfstream Aerospace Corp.,* 428 F. 3d 1359, 1379 (11th Cir. 2005)(finding that the parties had entered "an enforceable agreement to arbitrate, and the district court properly granted defendant's motion to dismiss and to compel arbitration"); *Perera v. H&R Block E. Enters.,* 914 F. Supp. 2d 1284, 1290 (S.D. Fla.

2012)(dismissing case with prejudice, rather than staying it, when all claims were subject to arbitration). For this reason, Hillstone seeks dismissal of Plaintiff's Complaint along with a court order compelling arbitration of this matter.

### 1. The MAA is valid under Florida contract law principles.

The determination of whether a valid arbitration agreement has been formed is governed by state law. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1985). In applying state contract law, however, "due regard must be given to the federal policy favoring arbitration and any ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Mastrobuono v. Shearson Lehman Hutton, Inc.* 514 U.S. 52, 62 (1995). Plaintiff was employed at the Hillstone restaurant located in Coral Gables, Florida. [DE 1, §6]. Accordingly, Florida contract law applies.

Under Florida law, Plaintiff's employment, and the mutuality of the parties' agreement to arbitrate constitute valid consideration. *Santos v. General Dynamics Aviation Services Corp.,* 984 So. 2d 658, 661 (Fla. 4th DCA 2008)(finding sufficient consideration to support an arbitration agreement created a mutual obligation to arbitrate, and the plaintiff continued to work for the defendant after receiving the dispute resolution policy); *see also, Tranchant v. Ritz Carlton Hotel, Co.,* 2011 WL 1230734, at *6 (M.D. Fla. March 31 2011)(continued employment is valid consideration for an arbitration agreement).

Pursuant to Florida law contract principles, the MAA is a valid and enforceable agreement.

### b. The EFAA does not invalidate Plaintiff's arbitration agreement.

To invalidate an arbitration agreement under the EFAA, a plaintiff must plausibly allege a valid claim of sexual harassment. *Joena Bartolini Mitchell v. Raymond James and Associates,*

5

*Inc.,* 2024 WL 4486565, at *6  (M.D. Fla. August 23, 2024),[1] *citing, Yost v. Everyrealm, Inc.,* 657 F. Supp. 3d 563, 585 (S.D. N.Y. 2023)(allowing a plaintiff to evade an arbitration agreement by slapping a facially implausible sexual harassment claim would "destabilize the FAA's statutory scheme"); *Holliday v. Wells Fargo Bank, N.A.,* 2024 WL 194199 at *5 (SD Iowa Jan. 10, 2024)(EFAA applies only when the plaintiff states a claim of sexual harassment capable of surviving a 12(b)(6) motion); (*K.T. v. A Place for Rover,* 2023 WL 7167580, at *4-5 (E.D. PA Oct. 31, 2023)(court held that although defendants' "conduct is certainly reprehensible…,"the EFAA did not prevent the enforcement of an arbitration agreement when the plaintiff failed to allege conduct that constitutes sexual harassment under applicable federal law). [2]

[ https://casetext.com/case/kt-v-a-place-for-rover-3 ]

The EFAA applies only when the plaintiff asserts a plausible claim of sexual harassment, which must be capable of surviving a Rule 12(b)(6) motion.  *Mitchell,* 2024 WL at *6; *Yost,* 657 F. Supp 3d at 585; *Holliday,* 2024 WL at *5; *K.T.,* 2023 WL 7167580 at *4-5.

Without a facially plausible sexual harassment claim, the EFAA is inapplicable, and the arbitration agreement must be enforced as written.  This is precisely the case here, as Plaintiff has not plead a plausible sexual harassment claim.

### c.  **Plaintiff's purported claims of sexual harassment should be dismissed.**

#### i. **Legal Standard**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted for a plaintiff's "failure to state a claim upon which relief can be granted."  Fed.

---

[1] Report and recommendation adopted by 2024 WL 4263151 (M.D. Fla. September 23, 2024).

[2] The decisions of these courts are based on the premise that when a plaintiff alleges a plausible sexual harassment claim, the EFAA bars arbitration of any other workplace claim asserted against the employer.  However, a state court in New Jersey did not interpret the EFAA in this way. *Paton v. Davis Saperstein,* Docket No. BER-L-4323-24 (N.J. Super. Ct. Unpublished Order, October 10, 2024), attached as Exhibit 2.  Instead, the court in *Paton* ruled that while plausible sexual harassment claims must be arbitrated under the EFAA, other claims asserted against the employer may proceed and be decided in court. *Id.*

R. Civ. P. 12(b)(6). The rules of civil procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v Iqbal,* 556 U.S. 662, 678 (2009).

Courts are required to review Plaintiff's Complaint in the light most favorable to the plaintiff and generally accept the plaintiff's well-plead facts as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court must dismiss a plaintiff's claims if she fails to assert "claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

### ii. Plaintiff's sexual harassment claims are not facially plausible.

Under Title VII, prohibited sexual harassment takes two forms: (1) quid pro quo; and (2) hostile work environment. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 751 (1998); *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67 (1986). Plaintiff does not allege that Hillstone made any demands for sexual favors in exchange for employment-related benefits. [DE 1, ¶¶24-99]. Instead, she merely attempts to assert a claim for hostile work environment - sexual harassment with labels and conclusions and no factual support based solely upon her self-serving pleadings. [DE 1, ¶¶24-99]. This is grounds for dismissal. *Oxford Assset Mgmt., Ltd. V. Jaharis,* 297 F. 3d 1182, 1188 (11th Cir. 2002)(conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal).

7

To establish a legally cognizable hostile work environment sexual harassment claim, Plaintiff must show that the complained of behavior resulted in an environment that a reasonable person would find hostile or abusive and that she subjectively perceived as abusive. *Dobb v. City of Roswell, Georgia,* 533 Fed. Appx. 888, 897 (11th Cir. 2013). Title VII and the FCRA address only those situations where a plaintiff's work environment is "permeated with discriminatory intimidation, ridicule, and insult." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993). "Simple teasing, offhand comments, and isolated incidents" do not constitute a hostile work environment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 897 (1998). A plaintiff must show "that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." *Reeves v. C.H. Robinson Worldwide, Inc.,* 594 F. 3d 798, 808 (11th Cir. 2010); *Mendoza v. Borden, Inc.* 195 F. 3d 1238, 1245 (11th Cir. 1999)(en banc).

Courts consider four factors when determining whether the complained of conduct was sufficiently severe or pervasive to alter the terms and conditions of employment. *Harris,* 510 U.S. at 23; *Mendoza,* 195 F. 3d at 1246. The four factors are: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id.* The employee must subjectively perceive the harassment as sufficiently severe and pervasive to alter the terms and conditions of employment, and the subjective perception must be objectively reasonable, i.e., judged from the perspective of a reasonable person in the plaintiff's position, taking into consideration all the circumstances. *Id.; Mahone v. CSX Transportation, Inc.* 652 F. App'x 820-23-4 (11th Cir. 2016).

Considering the relevant legal framework and the allegations in the Complaint, Plaintiff's claims fail to plausibly allege a sexual harassment claim.[3] The only purported claims in the Complaint for "hostile work environment" in violation of Title VII, the Florida Civil Rights Act and the Miami-Dade County Human Rights Ordinance are nothing more than legal conclusions that include key terms, such as "sexual harassment" and "severe and pervasive conduct." [DE 1, ¶118, 160, 200][4]  Additionally, instead of making specific fact-based allegations, Plaintiff merely incorporates by reference paragraphs 24-99 of the conclusory allegations in each of the hostile work environment counts leaving Defendant to speculate about which general allegations she is relying on.  [DE 1, ¶¶ 114, 156, 185].  Even if Plaintiff were to rely on the factual allegations of five isolated instances over the course of four months where employees inadvertently accessed the area where she pumped, this still would not establish a plausible claim of sexual harassment.  [DE 1, ¶¶ 54, 58, 60, 63, 64, 68-74].  None of the instances involve allegations that any of the employees made any comments of a sexual nature that were intimidating or abusive. *Id.* For example, in one of the instances, the employee that came into the room "immediately understood he was somewhere he should not have been, apologized and exited the room" [DE 1, ¶54].  In another instance, Plaintiff alleges that an employee remained in the room for "only three to four minutes" due to his inability to understand English, which caused a brief delay in realizing that Plaintiff was asking him to leave.  [DE 1 ¶¶ 69-74].

---

[3] The Florida Civil Rights Act is patterned after Title VII, and therefore, federal case law regarding Title VII is applicable.  *Alvarez v. Royal Atl. Devs.,* 610 F. 3d 1253, 1271 (11th Cir. 2010); *Florida Dep't of Cmty. Affairs v. Bryant,* 586 So. 2d 1205, 1209 (Fla. 1st DCA 1991); *School Bd., of Leon County v. Hargis,* 400 So. 2d 103, 108 n.2 (Fla. 1st DCA 1981).

[4] The same language is alleged in all three paragraphs.  Plaintiff alleges as follows: "Defendant's sexual harassment and discrimination was severe or pervasive enough to make any reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile, or abusive."

This is not a case involving extensive or long-lasting conduct of a sexual nature that permeated her work environment. *Gupta v. Florida Bd. of Regents,* 212 F. 3d 571, 586 (11th Cir. 2000)("[a]ll of the sexual harassment cases decided by the Supreme Court have involved patterns or allegations of extensive, long lasting, unredressed, and uninhibited sexual threats or conduct that permeated the plaintiffs' work environment."), *overruled on other grounds as recognized by, Crawford v. Carroll,* 529 F. 3d 961, 973-74 (11th Cir. 2008). There were only five instances of employees walking into her pumping area over the course of four months and none of these involved any touching or comments of a sexual nature [mention that the EEs apologized??]. Courts have rejected claims based on more frequent and egregious conduct. *Allen v. Ambu-Stat, LLC,* 799 F. App'x 703, 709-10 (11th Cir. 2020)(rejecting claim where over 4 month period, plaintiff was subjected to 10 incidents of harassment including physical touching and crude sexual references); *Mendoza,* 195 F. 3d at 1241-48 (rejecting claim where over 11 month period, plaintiff was subjected to episodes of physical conduct, "sniffing sounds" and supervisor's "constant" following and staring at plaintiff in "very obvious fashion")

Moreover, the alleged conduct did not interfere with her job performance, as according to her, she was an "exemplary employee" with a "record of positive performance." [DE 1, ¶26, 27].

This Court should dismiss Plaintiff's purported hostile work environment sexual harassment claim because she has failed to sufficiently plead that Defendant's conduct was sufficiently severe or pervasive to meet the legal standard. The Southern District of Florida has dismissed hostile work environment claims at the motion to dismiss stage for failure to allege sufficient facts to support such a claim. *Flores v. Ocean Led USA, LLC.,* 2024 WL 2782170 at *2 (S.D. Fla. February 5, 2024)(dismissed hostile work environment claim for failure to allege facts to support a claim); *Silverio v. Just Brands, LLC.,* 2023 WL 6389529 at *7-9 (S.D. Fla., October 2, 2023)(hostile work

environment claim dismissed for failure to plead sufficient facts); Helmke v. City of Port St. Lucie, 2023 WL 3172613 (S.D. Fla. May 1, 2023), *adopting Magistrate Judge's report and recommendation,* 2023 WL 3178561 at *5 (S.D. Fla. April 11, 2023)(hostile work environment claim dismissed based on findings that the allegations were insufficient to state claim). *Velis v. Sadhwani,* 2022 WL 553417, at *5 (S.D. Fla., January 6, 2022)(court granted motion to dismiss sexual harassment claim for failure to allege facts to support a severe or pervasive work environment).

### III. **CONCLUSION**

Plaintiff entered into a valid and enforceable agreement to arbitrate any claims against Hillstone arising from her employment. Notwithstanding the fact that Plaintiff signed this agreement, Plaintiff filed the Complaint before this Court.

Plaintiff's mislabeling and conclusory statements of sexual harassment, made to evade the valid and enforceable arbitration agreement should be dismissed for failure to state a claim of hostile work environment-sexual harassment.

WHEREFORE, Hillstone respectfully requests that this Court compel arbitration, dismiss Counts II, V and VII of Plaintiff's Complaint for failure to state a claim, dismiss this action because all claims are subject to arbitration, compel the Plaintiff to arbitrate her remaining claims pursuant to her mutual arbitration agreement she signed when she was hired, and award Hillstone attorney's fees and costs associated with the filing of this Motion and any other relief that this court deems just and appropriate.

## CERTIFICATE OF CONFERRAL

Undersigned counsel contacted opposing counsel by phone to discuss whether his client would agree to arbitration. After leaving a voicemail, undersigned counsel followed up with an email the same day. A copy of Plaintiff's signed arbitration agreement (Exhibit 1) was included in the email. As of the filing of this motion, undersigned counsel has not received any response from opposing counsel regarding this matter.

Respectfully submitted,

**FORDHARRISON LLP**

 */s/ Ena T. Diaz*
Ena T. Diaz
Florida Bar No.: 0090999
ediaz@fordharrison.com
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2113
Facsimile:  (305) 808-2101
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of October 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Daniel J. Barroukh
Derek Smith Law Group, PLLC
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
Tel. (305) 946-1884
Fax: (305) 503-6741
Email: Danielb@dereksmithlaw.com
***Counsel for Plaintiff***

                                                              s/ *Ena T. Diaz*
                                                                 Ena T. Diaz