## MUTUAL AGREEMENT TO ARBITRATE

(Florida/New Employees)

This Agreement requires you and the Company to arbitrate any claims or controversies during or following your employment, whether or not they are in any way related to or associated with your employment or the termination of your employment with the Company (defined in Section 1, below). This Agreement includes Claims (defined in Section 4 below) that the Company may have against you, or that you may have against the Company. This Agreement affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement.

### Section 1: Definition of Company
The term "Company" shall mean Hillstone Restaurant Group, Inc. and any of its parents, subsidiaries, or affiliated companies and officers, directors, agents, representatives, owners, or shareholders, and all successors and assigns of any of them.

### Section 2: Arbitration Overview
In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an "arbitrator," rather than to a judge or jury. The arbitrator is either an attorney or a retired judge. The Parties (you and the Company) are entitled to be represented by their own legal counsel in the arbitration proceeding. After reviewing the evidence and considering the arguments of the Parties, the arbitrator makes a written decision (an award) to resolve the dispute. The arbitrator's decision is final and binding, which means there will be no trial by a judge or jury, or appeal of the arbitrator's decision, except as provided by law.

### Section 3: Mutual Duty to Arbitrate
By signing this Agreement, you and the Company agree that any arbitration shall be conducted before one neutral arbitrator selected by the Parties. You and the Company agree that any arbitration shall be conducted under the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect. You may obtain a copy of the AAA Rules by accessing the AAA website at www.adr.org. In addition, you may obtain a copy of the AAA Rules by requesting a copy from the Company's Director of Human Resources. You and the Company agree that this Agreement shall be enforceable under and subject to the substantive and procedural provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. You and the Company also understand and agree that the Company is engaged in transactions involving interstate commerce.

### Section 4: Claims Subject to Arbitration; Exclusive Remedy
The "Claims" covered by this Agreement include, but are not limited to, all past, present, future claims, including any pending litigation, for: wrongful termination; breach of any contract or covenant, express or implied; breach of any duty owed to you by the Company or to the Company by you; disclosure of trade secrets or proprietary information, improper use of Company property or equipment; personal, physical or emotional injury; fraud, misrepresentation, defamation, or any other tort claims; wages or other compensation due; penalties; benefits; reimbursement of expenses; discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, pregnancy, religion, national origin, ancestry, age, marital status, physical disability, mental disability, medical condition, genetic characteristics, gender expression, gender identity, or sexual orientation; retaliation; violation of any federal, state or other governmental constitution, statute, ordinance or regulation (as originally enacted and as amended), including but not limited to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans With Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), the Employee Retirement Income Security Act ("ERISA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Family and Medical

**EXHIBIT "1"**

Leave Act ("FMLA"), all statutory claims, Florida Minimum Wage Law, Florida Civil Rights Act, all other Florida labor laws. The Parties acknowledge and agree that arbitration shall be the exclusive remedy in connection with the resolution of any Claims. As used herein, "Claims" does not mean any dispute if arbitration of the dispute is prohibited by law. Employees may learn more about their legal rights by visiting websites hosted by federal and state governmental agencies. Current links to some of these federal websites are listed below, although they are subject to change by the hosting agencies: www.dol.gov;www.dol.gov/compliance/laws/comp-flsa.htm;   www.dol.gov/dol/topic/wages/index.htm; and www.eeoc.gov/.

### Section 5: Arbitration of Individual Claims Only
All Claims covered by this Agreement must be submitted on an individual basis. No claims may be arbitrated on a class or collective basis. The parties expressly waive any right with respect to any covered Claims to submit, initiate, or participate in a representative capacity, or as a plaintiff, claimant or member in a class action, collective action or other representative or joint action, regardless of whether the action is filed in arbitration or in court.

BY SIGNING THIS AGREEMENT, YOU AND THE COMPANY AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES, AND MAY NOT BRING, PURSUE, OR ACT AS A PLAINTIFF OR CLASS MEMBER, IN ANY PURPORTED CLASS OR COLLECTIVE PROCEEDING.

YOU AND THE COMPANY FURTHER AGREE THAT NEITHER PARTY MAY BRING, PURSUE, OR ACT AS A PLAINTIFF OR REPRESENTATIVE IN ANY PURPORTED REPRESENTATIVE PROCEEDING OR ACTION, OR OTHERWISE PARTICIPATE IN ANY SUCH REPRESENTATIVE PROCEEDING OR ACTION OTHER THAN ON AN INDIVIDUAL BASIS.

### Section 6: Starting Arbitration and Costs
Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hillstone's Director of Human Resources. Requests to you shall be delivered to the last known home address you provided in writing. The arbitration shall take place in the county where you were employed by the Company.

### Section 7: Cost of Arbitration
You shall not be required to pay any cost or expense of the arbitration that you would not be required to pay if the matter had been heard in court. The Company will pay for arbitrator compensation and any other administrative fees unique to arbitration.

### Section 8: Arbitrator's Authority
The arbitrator shall apply state and/or federal substantive law to determine issues of liability and damages regarding all claims to be arbitrated. The arbitrator is authorized to award any remedy or relief that would have been available to the Parties, in their individual capacity, had the matter been heard in court. The arbitrator shall have the authority to provide for the award of attorneys' fees and costs to the prevailing party if such award is authorized by applicable law. No arbitrator shall have the authority to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. The arbitrator's authority to resolve disputes and make awards under this Agreement is limited to disputes between (1) you as an individual and the Company; and (2) you as an individual and any current or former officer, director, representative, and agent if such individual is sued for conduct within the scope of his or her employment. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration. This Agreement shall not be construed to deprive a party of a substantive right preserved by law.

Employee Initials

**Section 9: Written Decision**
The decision of the arbitrator shall be in writing and shall provide the reasons for the arbitrator's award unless the Parties otherwise agree in writing.

**Section 10: Entire Agreement**
The terms of this Agreement control over any prior or subsequent oral discussions you may or have had with a Company representative about arbitration. The original version of this Agreement is in the English language. Any discrepancy or conflicts between the English version and any other language version will be resolved with reference to and by interpreting the English version.

**Section 11: Severability**
If any provision of this Agreement is determined to be illegal or unenforceable, such determination shall not affect the balance of this Agreement, which shall remain in full force and effect and such invalid provision shall be deemed severable.

BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT AND AGREE THAT ARBITRATION IS THE EXCLUSIVE REMEDY FOR RESOLUTION OF CLAIMS (AS DEFINED HEREIN) BETWEEN THE PARTIES.

BY SIGNING THIS AGREEMENT, YOU ACKNOWLEDGE THAT YOU HAVE CAREFULLY READ THIS AGREEMENT, THAT YOU UNDERSTAND ITS TERMS, AND THAT YOU HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.

Dated: Aug 7, 2019

By: _Danielle Harkins_
Employee
Print Name: DANIELLE HARKINS

Dated: Aug 7, 2019

By: _[signature]_
For Hillstone Restaurant Group, Inc.

(MAA.FL-NH 2015)                -3 of 4-

## ACKNOWLEDGMENT OF EXECUTION OF AGREEMENT TO ARBITRATE

Please initial each of the blanks below to indicate your agreement with the corresponding statements.

 I understand that I have signed a Mutual Agreement to Arbitrate (the "Agreement").

 I had an opportunity to read the Agreement in full before it was signed.

 I had an opportunity to ask questions concerning the Agreement and I received satisfactory answers to my questions before I signed the Agreement.

 I understand the terms and conditions of the Agreement.

 I was given a reasonable opportunity and period of time within which to consider the terms of the Agreement before I signed it.

 I was given a reasonable opportunity to consult with an attorney of my choice concerning the Agreement before I signed it.

 No one placed any undue pressure on me to sign the Agreement.

 No promises or inducements of any kind were made to me in order to cause me to sign the Agreement.

 Arbitration is the exclusive remedy of any Claim.

 I have freely and voluntarily waived my right to have any employment-related claims that I or the Company might have decided by a judge and/or a jury.

 I have freely and voluntarily waived any opportunity to act as a plaintiff, class member or representative in any purported class, representative, or collective proceeding.



| _____ | 08 · 7 · 2019 |
|---|---|
| Employee's Signature | Date of Employee's Signature |

DANIELLE HARKINS
Employee's Printed Name