**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
Douglas V. Sanchez, Esq. – 039851989
Michael T. Moran, Esq. – 251732019
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
dsanchez@cmlawfirm.com
mmoran@cmlawfirm.com
Attorneys for Defendants,
Davis, Saperstein & Salomon, P.C., and Garry Salomon

AMENDED BY THE COURT

| | |
|---|---|
| CHERISE PATON and LISSY DELGADO, <br><br> Plaintiffs, <br><br> v. <br><br> DAVIS, SAPERSTEIN & SALOMON, P.C., GARY SALOMON, JOHN DOES and JANE DOES, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br><br> DOCKET NO. BER-L-4323-24 <br><br> **CIVIL ACTION** <br><br> **ORDER DISMISSING COUNTS II, III, AND VI OF THE AMENDED COMPLAINT** |

**THIS MATTER** having come before the Court on a motion by Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP (Douglas V. Sanchez, Esq., appearing), attorneys for Defendants, Davis, Saperstein & Salomon, P.C., and Garry Salomon (collectively, "Defendants"), for an Order dismissing Plaintiffs, Cherise Paton and Lissy Delgado's (collectively, "Plaintiffs") Complaint and awarding frivolous litigation sanctions; and the Court having considered the papers submitted in support of and in opposition to the motion; and upon good cause shown,

**IT IS** on this _____8_____ day of _____October_____, 2024

**EXHIBIT "2"**

**ORDERED** that Defendants' motion to dismiss the Complaint is hereby **GRANTED IN PART** as to Counts II, III, and VI of the Amended Complaint[1]; and it is further

**ORDERED** that Counts II, III, and VI of Plaintiffs' Amended Complaint is hereby **DISMISSED**; and it is further

**ORDERED** that Defendants' motion for frivolous litigation sanctions is hereby **DENIED**; and it is further

**ORDERED** that the posting of this Order on eCourts shall constitute service upon all counsel of record. If applicable, pursuant to Rule 1:5-1(a), a copy of this Order shall be served upon all parties who have not been electronically served through an approved Electronic Court System pursuant to Rule 1:32-2A, not personally served in court, by the moving party within seven days of receipt of this Order.

_____
HON. JOHN D. O'DWYER, P.J.Cv.

See Rider Attached.

X_____ Opposed

_____ Unopposed

---

[1] The Court notes the Amended Complaint was annexed to Plaintiffs' supplemental opposition dated October 3, 2024.

**CHERISE PATON and LISSY DELGADO V. DAVIS, SAPERSTEIN & SALOMON, P.C., et al.**
**DOCKET NO.: BER-L-4323-24**
**KENNIA DELGADO et al. V. DAVIS, SAPERSTEIN & SALOMON, P.C., et al.**
**DOCKET NO.: BER-L-4319-24**
**RIDER FOR ORDERS DATED: OCTOBER 8, 2024**

<u>Paton v. Davis, Saperstein & Salomon, P.C., L-4323-24</u>

Before this Court is Defendants Davis, Saperstein & Salomon, P.C., and Gary Salomon's Motion to Dismiss pursuant to Rule 4:6-2. Plaintiffs Cherise Paton and Lissy Delgado, former employees of Defendant (DSS), allege that Defendants violated the New Jersey Law Against Discrimination, New Jersey's Pregnant Worker's Fairness Act, New Jersey Wage and Hour Law, created a Hostile Work Environment, and engaged in retaliation by unjustly terminating Lissy Delgado.

As basis for dismissal, Defendants assert that Plaintiffs' Complaint is subject to arbitration agreements with DSS. The arbitration agreement cites the Federal Arbitration Act as the controlling law. Defendant also moves for frivolous litigation sanctions.

After Oral Argument, the Court directed the parties to submit supplemental briefs on the sexual harassment allegations. In light of Plaintiffs' Proposed Amended Complaint, the causes of action present are now as follows:

I. New Jersey Law Against Discrimination, gender-based discrimination
II. Violation of New Jersey's Pregnant Worker's Fairness Act
III. New Jersey Wage and Hour Law / New Jersey Wage Payment Law
IV. Hostile Work Environment
V. Hostile Work Environment Sexual Harassment
VI. Retaliation, unjust termination of Lissy Delgado

**Standard**

In approaching a motion to dismiss, the motion judge must accept as true all factual assertions in the complaint. <u>Smith v. SBC Commc'ns, Inc.</u>, 178 N.J. 265, 268–69 (2004). The judge must also accord to the non-moving party every reasonable inference from those facts. <u>Id.</u> at 282. The complaint must be examined "in depth and with liberality to ascertain whether the fundament

1

of a cause of action may be gleaned even from an obscure statement of claim." Printing Mart–Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989).

Nevertheless, the motion should be granted if even a generous reading of the allegations does not reveal a legal basis for recovery. Edwards v. Prudential Prop. and Casualty Co., 357 N.J. Super. 196, 202 (App. Div. 2003). "The motion may not be denied based on the possibility that discovery may establish the requisite claim; rather, the legal requisites for plaintiff's claim must be apparent from the complaint itself." Id.

Under New Jersey law, any contractual "waiver-of-rights provision must reflect that [the party] has agreed clearly and unambiguously to its terms." Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 443 (2014) (quoting Leodori v. CIGNA Corp., 175 N.J. 293, 302 (2003). The absence of any language in the arbitration provision that plaintiff was waiving her statutory right to seek relief in a court of law renders the provision unenforceable. Id. at 436.

In Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A.,, the New Jersey Supreme Court stated an arbitration provision need not "refer specifically to the LAD or list every imaginable statute by name to effectuate a knowing and voluntary waiver of rights," but it "should at least provide that the employee agrees to arbitrate all statutory claims arising out of the employment relationship" and "reflect the employee's general understanding of the type of claims included in the waiver . . ." 168 N.J. 124, 135 (2001).

***Arbitration as to Counts I, IV, V, L-4323-24***

Defendant argues the arbitration agreements at issue unambiguously put each Plaintiff on notice they waived rights to jury trial and pursuit of claims in court, and the arbitration agreements apply to the category of claims that Plaintiffs have brought against Defendants. Defendants assert the arbitration provisions at issue in this matter are compliant with the Altese standards are fully enforceable.

Rather than contending the claims fall outside the scope of the arbitration agreement or the arbitration agreement itself is invalid, Plaintiff instead argues that an exception exists to enforcing arbitration when claims for harassment, discrimination, and retaliation under the NJLAD are involved. To support this, Plaintiffs cite to the unpublished Appellate Division decision, Zuluaga v. Altice USA, et al., 2022 N.J. Super. Unpub. Lexis 2356 (App. Div. 2022), the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA), and Section 12.7 of the NJLAD which provides "[a] provision in any employment contract that waives any substantive or

2

procedural right or remedy relating to a claim of discrimination, retaliation, or harassment shall be deemed against public policy and unenforceable." N.J.S.A. 10:5-12.7(a). Section 12.7 also provides that no right or remedy under LAD "or any other statute or case law shall be prospectively waived." N.J.S.A. 10:5-12.7(b).

As permitted by the Court, Plaintiff submitted supplemental memorandum regarding the sexual harassment claim and a proposed Amended Complaint alleging Hostile Work Environment Sexual Harassment. Plaintiff submits a category of sexual harassment exists as a hostile work environment, "when an employer or fellow employees harass an employee because of his or her sex to the point at which the working environment becomes hostile." Herman v. Coastal Corp., 348 N.J. Super. 1, 18 (App. Div. 2002).

To state a claim for hostile work environment sexual harassment, the plaintiff must establish: "the complained-of conduct (1) would not have occurred but for the employee's gender; and it was (2) severe or pervasive enough to make a (3) reasonable woman believe that (4) the conditions of employment are altered and the working environment is hostile or abusive." Lehman v. Toys 'R' Us, Inc., 132 N.J. 597, 603-04 (1993). Plaintiff Paton alleges that the harassment in the form of obscene and inappropriate comments about her expected child occurred because of Paton's gender.

In response, Defendants maintain Plaintiffs' have "at best" asserted a claim of gender discrimination that falls outside the EFAA's bounds. Defendants reiterate that the only allegations of sexual harassment are related to comments about Ms. Paton's "bastard child" and such term is gender neutral as both men and women can have children outside of marriage.

The Appellate Division has clearly held the Federal Arbitration Act preempts the New Jersey Law Against Discrimination 10:5-12.7. See Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553, 563 (App. Div. 2022) holding "that LAD's procedural prohibition, which would preclude arbitration, is pre-empted when applied to an arbitration agreement governed by the FAA." However, the Ending Forced Arbitration of Sexual Assault and Harassment Act (EFAA) prevents mandatory arbitration and is applicable to Plaintiffs' claims involving sexual harassment.

As the Court is required to give Plaintiffs the benefit of any reasonable inferences of fact in determining a motion to dismiss, Counts I, IV and V of Plaintiff's Proposed Amended Complaint survive at this stage. The Court notes Amended Count V is inclusive and redundant of

Count IV. Accordingly, Defendants' Motion to Dismiss is **DENIED IN PART** as to Count I, IV, and V for Plaintiff Cherise Paton only.

*Arbitration as to Counts II, III, and VI, L-4323-24*

Plaintiffs' Complaint presents the remaining allegations: DSS failed to properly accommodate Paton to work from home to feed her newborn, and DSS did not give Paton her last paycheck after Paton quit. Lissy Delgado claims she was unlawfully fired in retaliation to her mother, Kennia Delgado's action against DSS for unpaid wages.

Mindful of arbitration agreement requirements and the motion to dismiss standard, this Court finds Plaintiffs' remaining claims fall under the purview of the arbitration agreement. Plaintiffs signed an arbitration agreement with DSS that provides a clear and express waiver of rights. The arbitration agreement further specifies what types of claims are encompassed: claims related to employment, employment discrimination, compensation or benefits, tort claims, or claims under any federal, state or local statute, and so on. In viewing the facts in the light most favorable to the Plaintiffs, the Plaintiffs have not asserted any statements in their Complaint that allege or imply a valid exception to the Federal Arbitration Act as to Count II: Pregnant Worker's Fairness Act, Count III: NJ Wage and Hour Law, and Count VI: Retaliation as to Lissy Delgado.

As such, Defendants Motion to Dismiss Plaintiffs' Complaint is **GRANTED IN PART** as to Counts II, III, and VI.

### Delgado v. Davis, Saperstein & Salomon, P.C., L-4319-24

In a parallel motion also before this Court, Defendant moves to Dismiss Plaintiff's Complaint containing the sole allegation that DSS failed to pay Plaintiffs overtime wages under the New Jersey Wage & Hour Law, NJSA § 34:11-56(a) *et seq*. The basis for this motion is identical to the Paton matter; Defendant argues Plaintiffs' claims are subject to the arbitration agreement. Defendant similarly moves for frivolous litigation sanctions against Mr. Shell.

Plaintiffs assert the claims for unpaid wages and overtime are an exception to mandatory arbitration. Plaintiffs also assert DSS's imposed waiver of any applicable statute of limitations and agreement to submit any dispute to arbitration within one year renders the Arbitration Agreement null and void. As New Jersey wage claims have a six-year statute of limitations, the Arbitration Agreement violates N.J.S.A. 34:11-4.7 according to Plaintiff. Plaintiffs analogize these wage

4

claims to discrimination claims in arguing that the statutes are designed to protect employees, thus civil court is the appropriate forum as a matter of public policy.

In response, Defendant asserts the one-year statute of limitations can be severed without defeating the agreement's primary purpose, pursuant to the severability provision. Defendant also highlights that severing the statute of limitations provision from the remainder of the arbitration agreement will not impact Plaintiffs' rights to litigate the substance of their claims under the New Jersey Wage and Hour Law, it will only change the forum from judicial to arbitral.

The severability clause, reads, "[i]f any term or provision of this arbitration agreement and policy is determined to be invalid, void or unenforceable the remainder of the terms and provisions of this Arbitration Agreement and Policy shall remain in full force and effect, and shall in no way be affected, impaired, or invalidated by such determination."

Severability clauses "are indicative of the parties' intent that the agreement as a whole survives the excision of an unenforceable provision." Arafa v. Health Express Corp., 243 N.J. 147, 169 n.2 (2020). In Goffe v. Foulke Management Corp., the New Jersey Supreme Court discussed United States Supreme Court holdings that treat an arbitration agreement as severable and enforceable, notwithstanding a plaintiff's general claims about the invalidity of a contract as a whole. 238 N.J. 191, 195 (2019) *citing* Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006).

In Arafa v. Health Express Corp., 243 N.J. at 171–72, the New Jersey Supreme Court expressly addressed the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law in holding such statutory wage claims are subject to coverage by an arbitration agreement that exhibits a knowing and voluntary waiver of rights to pursue statutory claims in a judicial forum. Similarly, both contracts at issue in Afara contained clear severance clauses.

Here, Afara is instructive and directly on point to the issues before this Court. The New Jersey Supreme Court's unambiguous holding that statutory wage claims are arbitrable was decided in the context of alleged failures to pay overtime wages and illegally withholding monies.

As the Plaintiffs in this matter signed an arbitration agreement containing express waivers of rights to pursue statutory claims in a judicial forum, Plaintiffs statutory wage claims fall within the scope of the arbitration agreements. The portion of the New Jersey Wage and Hour Law entitling a plaintiff to bring an action within six years that conflicts with the one-year statute of limitations present in DSS's arbitration agreement can be cured by its severance. Defendant's Motion to Dismiss Plaintiffs' Complaint is **GRANTED**.

## Frivolous Litigation Sanctions, L-4323-24 and L-4319-24

The frivolous litigation sanctions motions are based on Plaintiffs' counsel, Martin Shell's knowledge of the arbitration agreements with DSS evinced through the Leher matter in Bergen's Chancery Division (BER-C-240-23). The Leher matter also involves a former DSS employee whom Mr. Shell represents; Leher attempted to obtain a pre-suit settlement for alleged claims arising under the New Jersey Law Against Discrimination. The arbitration agreement between Leher and DSS, acknowledged by DSS and Mr. Shell to be identical to the arbitration agreements in the present cases, were enforced in the Chancery Division.

The Frivolous Litigation statute permits a court to award reasonable counsel fees and litigation costs to a prevailing party in a civil action if the court determines "that a complaint . . . or defense of the nonprevailing person was frivolous." N.J.S.A. 2A:15-59.1(a)(1). A complaint or defense is deemed frivolous if it was "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury," N.J.S.A. 2A:15-59.1(b)(1), or if "[t]he nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law," N.J.S.A. 2A:15-59.1(b)(2).

Plaintiffs assert a good faith basis for questioning the enforceability of the arbitration agreement as it relates to the parties in the present actions. Plaintiffs further contend the Leher matter is distinguishable from the instant matter, as Leher involved claims arising from a severance agreement. Accordingly, Defendants' Motions for Frivolous Litigation Sanctions are **DENIED**.