UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-23800-CIV-FAM

DANIELLE HARKINS,

        Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.,

        Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS COUNTS II, V, AND VII OF PLAINTIFF'S COMPLAINT**

Defendant, HILLSTONE RESTAURANT GROUP, INC., by and through its undersigned counsel and pursuant to S.D. Fla. Local Rule 7.1 hereby files this Reply in Support of its Motion to Compel Arbitration and Motion to Dismiss Counts II, V and VII of Plaintiff's Complaint. Defendant respectfully requests that this Court enter an Order: (1) compelling arbitration of Plaintiff's claims; (2) dismissing Counts II, V, and VII for failure to state a claim; and (3) dismissing this action because all claims are subject to arbitration.

In support thereof, Defendant states as follows:

**I. Introduction**

Plaintiff does not dispute the enforceability of the arbitration agreement she signed; rather, as Hillstone anticipated, she seeks to invalidate an enforceable arbitration agreement by invoking the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA").

The EFAA does not invalidate arbitration agreements when a plaintiff fails to state a claim for quid pro quo or hostile work environment sexual harassment that is plausible on its face. *Joena*

*Bartolini Mitchell v. Raymond James and Associates, Inc.,* 2024 WL 4486565, at *6 (M.D. Fla. August 23, 2024)[1](motion to compel granted because plaintiff failed to plausibly plead a sexual harassment claim), *citing, Yost v. Everyrealm, Inc.,* 657 F. Supp. 3d 563, 585 (S.D. N.Y. 2023)(allowing a plaintiff to evade an arbitration agreement by slapping a facially implausible sexual harassment claim would "destabilize the FAA's statutory scheme"); *Holiday v. Wells Fargo Bank, N.A.,* 2024 WL 194199 at *5 (S.D. Iowa Jan. 10, 2024)(EFAA applies only when the plaintiff states a claim of sexual harassment capable of surviving a 12(b)(6) motion); *K.T. v. A Place for Rover,* 2023 WL 7167580, at *4-5 (E.D. PA Oct. 31, 2023)(court held that although defendants' "conduct is certainly reprehensible…," the EFAA did not prevent the enforcement of an arbitration agreement when the plaintiff failed to allege conduct that constitutes sexual harassment under applicable federal law).

Plaintiff's Response, much like her Complaint, is full of unsupported conclusions without any factual or legal basis to substantiate a claim of sexual harassment, and therefore fails to withstand a Rule 12(b)(6) motion. Seemingly recognizing the fatal deficiencies in her Complaint, as discussed below, Plaintiff attempts to bolster her claim by embellishing factual allegations that do not appear in her complaint.

Without a facially plausible sexual harassment claim, the EFAA does not apply, and the arbitration agreement must be enforced as written.

**II.    Plaintiff's sexual harassment claims are not facially plausible.**

Plaintiff does not cite any cases with similar facts – in terms of frequency, timeframe or alleged conduct (harassment) – in which the alleged conduct was considered severe or pervasive, and the sexual harassment claim survived.

---

[1] Report and recommendation adopted by 2024 WL 4263151 (M.D. Fla., September 23, 2024).

Although Defendant cites case law to the contrary in its Motion, and Plaintiff references *Manganiello v. Town of Jupiter Inlet Colony,* 2013 WL 6577377, at *7 (S.D. Fla. December 16, 2013) – a case which actually contradicts her position, Plaintiff nonetheless asserts that she satisfies the "severe or pervasive" standard required to allege a hostile work environment sexual harassment claim. The plaintiff in *Manganiello* and the plaintiff in this case do not clear the "quite high" bar that the Eleventh Circuit has set in considering whether conduct is sufficiently severe to constitute discrimination as a matter of law. *Id.*

The "severe or pervasive" standard looks at the totality of the circumstances. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993); *Mendoza v. Borden, Inc.,* 195 F. 3d 1238, 1245 (11th Cir. 1999)(en banc). The four factors are: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993); *Mendoza v. Borden, Inc.,* 195 F. 3d 1238, 1245 (11th Cir. 1999)(en banc).

Plaintiff fails to meet the four factors.

**A.  This case does not involve extensive or long-lasting conduct of a sexual nature.**

In her Response, Plaintiff emphasizes the fact that the *Manganiello* court weighed the frequency factor in favor of the plaintiff. This is not the only factor in the analysis. Plaintiff fails to inform this Court that the court in *Manganiello* found the remaining three factors did not weigh in Plaintiff's favor, resulting in a determination that the alleged conduct did not constitute actionable sexual harassment. *Manganiello,* 2013 WL 6577377 at *9.

The frequency of the alleged conduct in *Manganiello*, which Plaintiff fails to describe in her Response, is significantly different from the alleged conduct in this case. *Manganiello,* 2013

3

WL 6577377 at *6. The ten to twenty instances of the offensive conduct that occurred over a five-year period in *Manganiello* involved physical contact. *Id*. The alleged harasser in *Manganiello* intentionally brushed his knee or leg against the plaintiff, touched, stroked, grabbed, or patted plaintiff's hands when he greeted her, and ran his fingers through plaintiff's hair. *Id.* The physical contact was accompanied by boorish verbal comments, such as "lovely lady," "love" and "my dear." *Id.*

None of the intentionally offensive conduct alleged in *Manganiello* is alleged in the case before this Court. [DE 1, ¶¶54, 58, 60. 63, 64, 68-74]. Rather, Plaintiff alleges that in one of the five instances that an employee *inadvertently* accessed the area where she pumped, the employee "immediately understood he was somewhere he should not have been, apologized, and exited the room." [DE 1, ¶54]. Another instance involved an employee that did not realize Plaintiff was asking him to leave because he does not understand English. [DE 1, ¶69-74]. To embellish her claims in response to a Rule 12(b))6) motion, Plaintiff now attributes certain conduct to this non-English speaking employee that she did not allege in her Charge of Discrimination or Complaint.[2] The other three inadvertent instances alleged in Plaintiff's Complaint did not involve any intentional physical contact, sexual threats, or comments of a sexual nature. [DE 1, ¶58, 60, 64].

Based on the supporting case law set forth in Defendant's Motion and this Reply, the conduct alleged by Plaintiff does not reach the level of frequency to establish that a reasonable person would objectively find severe or pervasive.

---

[2] In her Response, Plaintiff claims that the male co-worker "snuck up on her while she was nude and expressing milk, crept up to within one foot of her, stood right behind her, watched her express milk, stared at her breasts…" [DE 6 at p. 5] This is vastly different from the allegations in her Complaint. In the Complaint, Plaintiff alleged as follows: "Ms. Harkins turned around while pumping and realized this man was standing one foot behind her. Panicked, she tried communicating to him that he needed to leave and could not be up there, but the man did not understand her plea." and "Ms. Harkins, mortified, shielded her breasts with one arm and held the pump equipment in the other, while the dishwasher stood still and watched her struggle to get dressed." [DE 1, at 70, 72].

### B. The alleged conduct does not rise to the level of severity required under the Eleventh Circuit standard.

Like the plaintiff in the *Manganiello* case, Plaintiff does not meet the remaining three factors[3] considered by the Eleventh Circuit in determining whether the complained of conduct is sufficiently severe or pervasive from an objective standpoint. Judge Marra in *Manganiello* relied on *Gupta v. Florida Bd. of Regents,* 212 F. 3d 571 (11th Cir. 2000), *Mendoza v. Borden, Inc.,* 195 F. 3d 1228 (11th Cir. 1999)(en banc), two of the cases cited by Defendant in its Motion, and *Mitchell v. Pope,* 189 F. App'x 911 (11th Cir. 2006)(finding that "16 specific instances of offensive conduct" by a supervisor over 4 years, while "crass and juvenile," was "not the kind of 'severe' harassment necessary for liability to attach under Title VII"). The *Manganiello* court expressly stated that it did not rely on *Dees v. Johnson Controls Word Serv., Inc.,* 168 F. 3d 417 (11th Cir. 1999), *Johnson v. Booker T. Washington Broadcasting Serv., Inc.,* 234 F. 3d 501 (11th Cir. 2000) or *Husley v. Pride Restaurants*, 367 F. 3d 1238, 1248 (11th Cir. 2004), all of which are cited by Plaintiff in support of her Response. [DE 5 at p. 6] Judge Marra relying on *Gupta, Mendoza, and Mitchell,* concluded that the alleged conduct did not give rise to a level of actionable sexual harassment. *Manganiello,* 2013 WL 6577377 *at \*9.*

Plaintiff asserts that the conduct alleged in her complaint "resembles" the conduct in *Johnson* and *Husley*. [DE 6 at p. 6] This is false. The alleged harassment in *Johnson* involved unwanted massages, the harasser touching plaintiff's body with his body parts and pulling up his

---

[3] The four factors are: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993); *Mendoza v. Borden, Inc.,* 195 F. 3d 1238, 1245 (11th Cir. 1999)(en banc).

pants so that plaintiff could see the imprint of his private parts, and comments about sex. *Johnson,* 234 F. 3d at 509. None of this conduct is alleged by Plaintiff. [DE ¶¶1, 54, 58, 60, 63, 64, 68-74].

The alleged harasser in *Husley*, engaged in the following conduct: approached plaintiff from behind and tried to touch her breasts by putting his hands down the top of her shirt; followed plaintiff into a stall in the women's bathroom; enlisted the assistance of others to hold plaintiff while he attempted to grope her; tried to pull her pants down and tried to put his hands down the front of her pants. *Husley,* 367 F. 3d at 1241-42. None of this occurred to Plaintiff at Hillstone. [DE ¶¶1, 54, 58, 60, 63, 64, 68-74].

### C. **The alleged conduct was not physically threatening or humiliating.**

Plaintiff concludes that the third factor is favorable to Plaintiff merely by restating allegations in her Complaint that she felt physically threatened and humiliated. [DE 6 at p. 7]. This threadbare reasoning is not enough. Plaintiff's conclusion is not supported by factual allegations.

The *Manganiello* case Plaintiff relies on in her Response also does not support her self-serving conclusion. The alleged harassment in *Manganiello* involved physical touching and verbal comments of a sexual nature, as discussed above. *Manganiello,* 2013 WL 6577377 *at \*9*. The court in *Manganiello* found that regardless of Plaintiff's subjective feelings regarding the alleged conduct, none of the alleged conduct could reasonably be considered physically threatening or humiliating. *Id.* Here, Plaintiff does not allege any physical contact or verbal conduct of a sexual nature. In the absence of such allegations, the conduct alleged by Plaintiff also fails to meet the third factor of the totality of circumstances analysis.

### D. The alleged conduct did not interfere with her job performance.

It is undisputed that Plaintiff alleges in her Complaint that she was an exemplary employee with a record of positive performance. [DE 1 at ¶¶26, 27]. This factual allegation supports Defendant's position, not Plaintiff's.

In her Response, Plaintiff attempts to undermine Defendant's position by labeling it "naïve" and relies, once again, on *Manganiello,* which does not support her argument. [DE 6 at p. 7] The Court in *Manganiello* found that the alleged harassment did not interfere with Plaintiff's job performance because Plaintiff asserted that she believed she was doing well at work and received multiple pay raises. *Manganiello,* 2013 WL 6577377 *at \*10.* Similarly, Plaintiff, described herself as an "exemplary" employee with "positive performance." [DE 1 at ¶¶26, 27]. Plaintiff has failed to meet the fourth factor of the totality of circumstances analysis.

### III. The Eleventh Circuit does not permit a plaintiff to amend her complaint when she has failed to follow the proper procedural steps.

On the last page of her Response, Plaintiff adds a footnote requesting leave to amend the Complaint if the Court dismisses it. [DE 6 at p. 11, fn. 3]. Plaintiff's request is procedurally defective and lacks the substantive support required by the Eleventh Circuit. *Lu Silverio v. Just Brands, LLC.,* 2023 WL 6389259, at \*10 (S.D. Fla., Oct. 2, 2023)[4], *citing, Newton v. Florida,* 895 F. 3d 1270, 1277-1278 (11th Cir. 2018)(reaffirming the rule that a request for leave to amend is not properly raised if embedded in a memorandum in opposition to a motion to dismiss); *Avena v. Imperial Salon & Spa, Inc.,* 740 F. App'x 679, 683 (11th Cir. 2018)("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

---

[4] The law firm representing Plaintiff in the *Just Brands* case is the same law firm representing Plaintiff in the case before this Court.

In *Just Brands,* the Southern District of Florida addressed Plaintiff's improper request for leave in response to Defendant's motion to dismiss plaintiff's hostile work environment claims based on race and national origin. *Just Brands,* 2023 WL 6389259, at *7. The Court found that plaintiff' allegations failed to meet the "severe or pervasive" standard and granted defendant's motion to dismiss the hostile work environment claims. *Id.* The Court characterized Plaintiff's request for leave to amend, made in a footnote at the end of her response in opposition to defendant's motion to dismiss as an "afterthought." *Id. at* *10. The Court dismissed plaintiff's hostile work environment claims <u>with prejudice</u> and did not "…afford [plaintiff] another bite at the apple where she declined 'to follow the well-trodden procedural path toward amendment.'" *citing, Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.,* 673 Fed. App'x 925, 930 (11th Cir. 2016).

Based on *Just Brands* and Eleventh Circuit precedent, Defendant requests that this Court deny Plaintiff's belated request for leave to amend, as it is both procedurally and substantively defective. Plaintiff's belated request is nothing more than an attempt to take "another bite at the apple" to evade the enforceability of the valid arbitration agreement.

**IV.   CONCLUSION**

Plaintiff does not dispute the validity or enforceability of the arbitration agreement, absent the EFAA [DE 6]. Her labels and conclusory statements fail to meet the "severe or pervasive" standard required to establish a hostile work environment claim for sexual harassment. It is evident that these statements were included solely to evade the valid and enforceable arbitration agreement.

Plaintiff's deficient allegations warrant dismissal of her hostile work environment sexual harassment claims.  Dismissal of these claims renders the EFAA inapplicable, thereby, requiring enforcement of the arbitration agreement as written.

WHEREFORE, Hillstone respectfully requests that this Court compel arbitration, dismiss Counts II, V and VII of Plaintiff's Complaint with prejudice for failure to state a claim, dismiss this action because all claims are subject to arbitration, compel the Plaintiff to arbitrate her remaining claims pursuant to her mutual arbitration agreement she signed when she was hired, and award Hillstone attorney's fees and costs associated with the filing of its Motion and Reply as well as award it any other relief that this court deems just and proper.

Respectfully submitted,

**FORDHARRISON LLP**

*/s/ Ena T. Diaz*
Ena T. Diaz
Florida Bar No.: 0090999
ediaz@fordharrison.com
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2113
Facsimile:  (305) 808-2101
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of November 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Daniel J. Barroukh
Derek Smith Law Group, PLLC
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
Tel. (305) 946-1884
Fax: (305) 503-6741
Email: Danielb@dereksmithlaw.com
*Counsel for Plaintiff*

s/ <em>Ena T. Diaz</em>
Ena T. Diaz