UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-cv-23800-FAM

DANIELLE HARKINS,

       Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.,

       Defendant.

_____/

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING
THE COURT'S RULING ON DEFENDANTS' MOTION TO
<u>COMPEL ARBITRATION [D.E. 5]</u>**

Defendant, HILLSTONE RESTAURANT GROUP, INC ("HILLSTONE"), respectfully moves for a stay of discovery pursuant to Fed. R. Civ. Pro. 26(c), pending this Court's ruling on Defendant's Motion to Compel Arbitration and Motion to Dismiss Counts II, V and VIII [1] ("Motion to Compel Arbitration") [D.E. 5], and in support thereof state as follows:

**<u>FACTUAL BACKGROUND</u>**

1. On August 7, 2019, Plaintiff signed Hillstone's "Mutual Agreement to Arbitrate" (hereinafter referred to as "MAA"). A copy of the signed agreement is at D.E.5-1.

2. The MAA requires Harkins to arbitrate "claims" that she may have against the company, which relate to her employment or termination of her employment. [D.E.5-1.]. The term "claims" is defined in the MAA as follows: "…all past, present, future claims, including any pending litigation, for…discrimination or harassment, including but not limited to discrimination or harassment based on sex, pregnancy…retaliation; violation of any federal, state, or other

---

[1] This Count was previously erroneously identified as Count VII.

governmental constitution, statute, ordinance or regulation (as originally enacted and as amended)…" [D.E. 5-1 ¶4]. The MAA is also clear that it is governed by the Federal Arbitration Act. [D.E. 5-1 ¶3].

3. On October 2, 2024, Plaintiff filed a thirteen-count complaint alleging sex discrimination, hostile work environment, and retaliation in violation of Title VII, the Florida Civil Rights Act and the Miami-Dade County Human Rights Ordinance (Counts I-IX); pregnancy discrimination and retaliation in violation of the Pregnancy Workers Fairness Act (Counts X and XI) and discrimination and retaliation in violation of the Providing Urgent Maternal Protections for Nursing Mothers Act (PUMP) (Counts XII and XIII) [D.E. 1]. All of Plaintiff's claims arise from how Plaintiff was allegedly treated during the time she was pumping breastmilk at work. [D.E. 1, ¶ 32].

4. Hillstone moved to compel arbitration of all claims made by Harkins. [D.E. 5]. Hillstone argued that Plaintiff has not plead a plausible sexual harassment claim and therefore cannot evade a valid arbitration agreement. [D.E. 5, 7]. Additionally, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA), 9 U.S.C. §§401, 402, does not apply to sex discrimination claims that are unrelated to sexual assault or harassment. *Id.*

5. Harkins opposes arbitration arguing that the EFAA applies in this case. [D.E. 6]. The EFAA is a law that amended the Federal Arbitration Act ("FAA") to preclude mandatory arbitration of sexual harassment and sexual assault cases. *Id.*

6. The Motion to Compel Arbitration is currently pending before this Court and have not been ruled on.

7. On January 15, 2025, Plaintiff served Plaintiff's First Set of Interrogatories to Defendant, **Exhibit A** and Plaintiff's First Request for Production to Defendant, **Exhibit B.**

8. On January 29, 2025, Defendant's counsel, Elizabeth Rodriguez, contacted Plaintiff's counsel, Daniel Barroukh, asking if they would agree to stay discovery until the Motion to Compel Arbitration was ruled upon. **Exhibit C**.

9. Mr. Barroukh responded on January 30, 2025, stating that Plaintiff was not agreeable to stay discovery and opposed a motion to stay discovery. **Exhibit D.**

10. Accordingly, Defendant respectfully request that this Court stay discovery in this action pending a ruling on Defendant's Motion to Compel Arbitration.

## ARGUMENT AND MEMORANDUM OF LAW

The Eleventh Circuit has long recognized the significant costs that discovery imposes upon parties, including the need to collect voluminous materials in conjunction with discovery requests. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). That is particularly true here, where this Court has not ruled on Defendant's Motion to Compel Arbitration filed on October 24, 2024 (D.E. 5). As set forth in more detail in the Motion to Compel Arbitration, the arbitrability of all of Plaintiff's claims should be decided before it is forced to endure the burdens of far-reaching discovery. In addition, permitting discovery to proceed in a case that is subject to arbitration could frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion. By being forced to participate in discovery, Defendant would also be made to waive their rights to pursue arbitration. As the Eleventh Circuit makes clear, a temporary stay of discovery until the Court decides Defendant's Motion to Compel Arbitration is warranted under these circumstances, as a stay of discovery would conserve resources and promote efficiency and judicial economy and would not prejudice Plaintiff.

This Court enjoys wide discretion to determine the proper scope and timing of the parties' discovery, including to stay discovery when circumstances so warrant. *See Chrysler Int'l Corp. v.*

*Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). "Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay." *Solar Star Sys., LLC v. BellSouth Telecomms., Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. March 30, 2011) (granting discovery stay pending ruling on motion to dismiss because it was "potentially dispositive of the entire action"). Moreover, a court "has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Rehrig Pac. Co. v. Polymer Logistics (Israel), Ltd.*, No. CV 318-055, 2018 WL 8244007, at *1 (S.D. Ga. Dec. 6, 2018) (staying discovery pending resolution of defendant's motion to dismiss for lack of personal jurisdiction); *Gillier v. Servicios Agecom, LLC*, No. 17-23155-Civ, 2017 WL 6994217, at *3-5 (S.D. Fla. Nov. 27, 2017) (entering brief stay of discovery given "strong likelihood" that motion to dismiss based in part on lack of personal jurisdiction would be granted, in which case "proceeding in this forum . . . would be improper."); *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (staying merits-based discovery given defendants' motion to dismiss for lack of personal jurisdiction); *Anderson v. Bullard*, No. 8:18-cv-901-T-35AAS, 2018 WL 5920476, at *1 (M.D. Fla. Nov. 13, 2018) (granting temporary stay of discovery where motion to dismiss presented nonfrivolous challenge to court's personal jurisdiction over defendant); *Jackson-Bear Group, Inc. v. Amirjazil*, No. 2:10-CV-332-FTM-29, 2011 WL 720462, at *1 (M.D. Fla. Feb. 22, 2011) (staying discovery where motion to dismiss indicated valid challenges to personal jurisdiction).

Staying discovery serves a valuable purpose of sparing the litigants the burden, expense, and inconvenience of engaging in discovery that may prove unnecessary, while also conserving finite judicial resources. *See, e.g., Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367-68 (11th Cir. 1997) (costs included "the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged.") In determining whether to stay discovery pending the resolution of a motion to dismiss, the Court "must balance the harm produced by a delay in discovery against the possibility that the [motion to dismiss] will be granted and entirely eliminate the need for such discovery." *Borislow v. Canaccord Genuity Grp., Inc.*, No. 14-80134-CIV, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (quotation marks and alteration omitted). Where, as here, there are valid arguments that the MAA requires arbitration of all claims, and a stay of discovery would not prejudice Plaintiff, a stay of discovery is warranted.

The Court should also stay Defendant's obligations to participate in discovery pending its ruling on Defendants' Motion to Compel Arbitration, consistent with the purpose of the FAA. "[R]efusal to stay discovery on the merits of the [underlying] claims until the issue of arbitrability is resolved puts the cart before the horse." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002). Courts in this District have routinely stayed discovery pending rulings on motions to compel arbitration. *See Lopez v. Auto Wax of S. Fla., Inc.*, No. 20-CIV-81892-RAR, 2021 WL 911176, at *5 (S.D. Fla. Mar. 2, 2021) (staying discovery until this Court formally

adjudicates Defendants' Motion to Compel Arbitration); *Dawkins v. Carrington Mortg. Servs., LLC,* No. 20-CIV-60998-RAR, 2020 WL 13820398, at *1 (S.D. Fla. Aug. 11, 2020) (same).

Courts have held time and time again that significant participation in discovery can amount to acting inconsistently with the party's right to arbitrate. *See Citibank, N.A. v. Stok & Assocs., P.A.,* 387 F. App'x 921, 924 (11th Cir. 2010) ("participating in litigation can satisfy the first prong of the waiver test 'when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate' "); *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4193366, at *4 (S.D. Fla. Sept. 18, 2012); *see also Nelson v. Synchrony Bank*, No. 216CV703FTM99MRM, 2017 WL 4763541, at *2 (M.D. Fla. Oct. 20, 2017) (holding that defendant acted inconsistently with its arbitration right, in part, by engaging in discovery); *Harling v. Ado Staffing, Inc.*, 2014 WL 1410519, at *6 (M.D. Fla. Feb 21, 2014) (expressly considering the fact that defendant had not participated in discovery in holding that defendant had not acted inconsistently with its right to arbitrate). In light of this case law, responding to Plaintiff's discovery requests will constitute conduct contrary to Defendant's right to arbitrate and Defendant cannot agree to respond to discovery requests while its Motion to Compel Arbitration is pending.

In *Lopez v. Auto Wax of S. Fla., Inc.*, No. 20-CIV-81892-RAR, 2021 WL 911176 (S.D. Fla. Mar. 2, 2021), the court explained why the stay of discovery was warranted until the court could decide the Motion to Compel Arbitration as follows:

> Defendants assert—and the Court agrees—that Defendants could "waive their right to arbitration by engaging in discovery on the merits." The Eleventh Circuit has held that one factor in determining whether a party waives its right to arbitration is the extent to which "a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate." *Citibank, N.A. v. Stok & Assoc., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010). **Thus, "not granting a stay would force [Defendants] to take action that could be construed as inconsistent with [Defendants'] intent to arbitrate."** *Brooks v.*

6

> *Event Ent. Grp., Inc.*, No. 20-CIV-22495, 2020 WL 5535346, at *1 (S.D. Fla. Sept. 15, 2020).
> \*\*\*
> [A] stay of discovery is reasonable under these circumstances. **If the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators—and if not, Plaintiff has not demonstrated any potential prejudice from a temporary stay**. **For this reason, at least one Court has recently observed that "it is the general practice of district courts to stay discovery pending a decision on a motion to compel arbitration."** *Al Thani v. Hanke*, No. 20-CV-4765, 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (citing *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001)). "While a stay of discovery pending the decision on a threshold arbitration issue is by no means automatic, it serves to help prevent duplicative and inefficient litigation." *Id.* (citation and alteration omitted). Accordingly, a stay of discovery is appropriate until the Court adjudicates Defendants' Motion to Compel Arbitration.

*Id.* at *4 (emphasis added).

Here, Plaintiff seeks extensive discovery (21 interrogatories and 66 requests for production) on the substantive issues underlying her Complaint. By way of her discovery requests, Plaintiff seeks to engage in the very sort of "dual discovery" which this Court has found to be impermissible. The Federal Rules of Civil Procedure and the Federal Arbitration Act are vastly different when it comes to the rules of discovery. Engaging in discovery in this situation would "frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes." This would not only be expensive, but unduly burdensome to Defendants because discovery is unnecessary before the parties know which forum will handle the resolution of this dispute and which Defendants will ultimately remain in this action.

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to

7

> interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged.

*Chudasama*, 123 F.3d at 1368. In an effort to preserve the parties' resources and the Court's scarce judicial resources, Defendants request a stay of discovery until the Court rules on the Motion to Compel Arbitration.

## CONCLUSION

For the foregoing reasons, this Court should stay discovery in this case pending its ruling on Defendants' Motions to Dismiss and to Compel Arbitration.

WHEREFORE, Defendant, HILLSTONE RESTAURANT GROUP, INC., respectfully requests that this Court stay discovery including Defendant's initial disclosures and responses to Plaintiff's January 15, 2025 interrogatories and requests for production, until this Court rules on Defendant's Motion to Compel Arbitration.

## CONFERRAL

The undersigned counsel for Defendant, Elizabeth M. Rodriguez, conferred with counsel for Plaintiff, Daniel J. Barroukh, on January 29, 2025, to inquire whether he would agree to stay discovery. Mr. Barroukh advised that Plaintiff would not agree to stay discovery and opposed this Motion.

Respectfully submitted this 11th day of February, 2025.

/s/ Elizabeth M. Rodriguez
Elizabeth M. Rodriguez
Florida Bar No. 821690
FORDHARRISON LLP
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101
Email: erodriguez@fordharrison.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of February, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  Elizabeth M. Rodriguez
*Counsel for Defendant*

**SERVICE LIST**

Daniel J. Barroukh
Derek Smith Law Group, PLLC
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
Tel.  (305) 946-1884
Fax: (305) 503-6741
Email:  Danielb@dereksmithlaw.com
*Counsel for Plaintiff*