## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DANIELLE HARKINS,

      Plaintiff,                                         CASE NO.: 24-23800-CIV-FAM

v.

HILLSTONE RESTAURANT GROUP,
INC.,

      Defendant.
_____/

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT HILLSTONE RESTAURANT GROUP, INC.**

    Plaintiff, DANIELLE HARKINS ("Plaintiff" and/or "Ms. Harkins"), by and through her undersigned counsel, hereby submits the following interrogatories to Defendant, HILLSTONE RESTAURANT GROUP, INC. ("Defendant" and/or "Hillstone"). Pursuant to Federal Rule of Civil Procedure 33, you are required to answer these interrogatories no later than thirty (30) calendar days following service, to Plaintiff's undersigned counsel at 520 Brickell Key Drive, Suite O-301, Miami, FL 33131 or via e-mail.

    Dated:  Miami, Florida
                January 15, 2025,                    **DEREK SMITH LAW GROUP, PLLC**
                                                                     *Counsel for Plaintiff*

                                                                      */s/ Daniel J. Barroukh*
                                                                      Daniel J. Barroukh, Esq.
                                                                      Florida Bar No.: 1049271
                                                                      Derek Smith Law Group, PLLC
                                                                      520 Brickell Key Drive, Suite O-301
                                                                      Miami, FL 33131
                                                                      Tel: (305) 946-1884
                                                                      Fax: (305) 503-6741
                                                                      danielb@dereksmithlaw.com

EXHIBIT "A"

## INSTRUCTIONS

Please comply with the following instructions when responding to these interrogatories:

1. In answering these Interrogatories, Plaintiff requests the furnishing, under oath, of all information in your possession or available to you, including information possessed by your attorneys.

2. You must provide a separate answer for each Interrogatory.

3. You may only provide estimates or approximations where precise data is unavailable.

4. The source, or sources of information, and derivation of each answer should be separately set forth and identified with a description sufficient for use in a subpoena duces tecum, unless the person signing the answers to the Interrogatories, under oath, has his or her personal and direct knowledge of the facts or information underlying the answers provided.

5. Every Interrogatory herein is deemed a continuing Interrogatory and Defendant is to supplement its answers promptly if and when Defendant obtains relevant information which adds to, or is in any way inconsistent with, Defendant's initial answer to any such Interrogatory.

6. You have an obligation to supplement or amend its responses if such responses are rendered incorrect or incomplete due to any reason, including, but not limited to, the passage of time, discovery or additional information, or change of intention.

7. Each Interrogatory that refers to or seeks a description of an act, transaction, occurrence, dealing, or instance, must include:

    a. the date, including the year, month and day, when it occurred;

    b. the location where the event, action, transaction, occurrence, dealing or instance occurred;

      c.      the identity of each person participating in such act;

      d.      on whose behalf each person participated or purported to participate;

      e.      the nature, subject matter, and circumstances surrounding the particular action, transaction, occurrence, dealing, or instance;

      f.      the nature and substance of all conversations or oral communications occurring during, or in connection with the action, transaction, occurrence, dealing or instance; and

      g.      all documents connected with such action, transaction, occurrence, dealing or instance.

8. Any word written in the singular form shall be construed as plural or vice versa when such modification is necessary to facilitate the response to any request.

9. If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object to or to which you do not decline to answer.

10. If you state an objection to an interrogatory on the ground that the interrogatory is overbroad, provide the information you contend would be within the scope of permissible discovery.

11. If you object to an interrogatory on the ground that providing such answer would constitute an undue burden, provide all requested information that can be supplied without undertaking an undue burden.

12. For those portions of an interrogatory to which you object or otherwise decline to answer, describe the reason for such objection or declination.

## **DEFINITIONS**

Please use the following definitions and comply with the following instructions in responding to the herein Interrogatories:

1. The term "**you**" or "**your**" shall mean the person(s) or business entity to whom these Interrogatories are addressed, including all other persons acting or purporting to act on the entity's behalf.

2. "**Defendant,**" "**Hillstone,**" or "**HILLSTONE RESTAURANT GROUP, INC.**" shall mean Defendant HILLSTONE RESTAURANT GROUP, INC., including servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on behalf of Defendant HILLSTONE RESTAURANT GROUP, INC.

3. "**Plaintiff,**" "**Danielle Harkins,**" "**Ms. Harkins**" shall mean the Plaintiff in this action, Danielle Harkins.

4. "**Employer**" shall mean the Defendant in this action.

5. "**Complaint**" shall mean the operative Complaint in this action.

6. "**Employment**" shall mean the entire time period during which an individual was receiving compensation of any kind from the Defendant, regardless of whether Defendant classified the individual as an independent contractor or an employee for tax purposes during that period.

7. "**Pay Period**" shall mean whatever seven-day period (e.g. Sunday to Saturday) is or was used by the Employer for calculation of pay and/or overtime pay. If the Employer does not or did not use such a seven-day period and instead uses or used some other interval (e.g. calendar month) for calculation of pay, then "Pay Period" means such an interval. Otherwise, "Pay Period" means the seven-day period starting on Sunday at 12:01 A.M. (**Note:** "**Pay Period**" **does not**

**necessarily correspond to the interval at which employees were actually paid by the Employer.**)

    8.    "**Identify**" shall mean:

        A.  All individuals requested to be named include the identified individual's current or last known address (business and home), current or last known telephone number (business and home), current or last known business position or title, and whether the individual is currently employed by the Defendant; and

        B.  with respect to a document, that you are to provide the date, the identity of the addressee and/or recipient, sender and/or author thereof, and the form of the document (*e.g.*, letter, inter-office memo, etc.).

    9.    "**Describe**" shall mean to describe fully, by reference to all relevant facts rather than the ultimate facts or conclusions of law or facts.

    10.    "**State**" means to set forth, fully and unambiguously, each and every fact which the answering party and/or his agent/representative has which is relevant to the answer called for by the particular interrogatory.

    11.    "**Communication**" and/or "**communications**" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, or direct or indirect representation, or transcribed thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means. This includes but is not limited to any utterance heard by another person, whether in person, by telephone, by mechanical or electronic reproduction or otherwise, every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

    12.    "**All communications**" shall mean each and every communication as above defined that is known to you or about which you have any information.

13. "**Person**" or "**persons**" shall mean any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, including its officers, directors, members, agents and/or employees.

14. "**Date**" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

15. "**Agent**" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

16. "**Document**" or "**documents**" shall mean all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including but not limited to emails, text messages, social media postings, and any files stored on any personal computer(s), notebook or laptop computer, file server, portable drive, or other storage device as well as written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); facsimiles; circulars; forms;

pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; Electronically Stored Information ("ESI") and any other documents within Defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

17. "**All documents**" shall mean every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

18. "**Referring to**" or "**relating to**" shall mean to refer to, reflect, pertain or in any manner be connected with the matter discussed.

19. "**Documents referring or relating to**" or "**communications referring or relating to**" any given subject means each document and communication that constitutes, deals with, refers to or is in any way pertinent to that given subject, including but not limited to documents and communications concerning the preparation of other documents.

20. "**Concerning**" includes all that which refers to, relates to, constitutes, describes, evidences,contains, discusses, embodies, reflects, identifies, states or concerns in any way, a given matter.

21. The word "**any**" means "**any and all**"; the word "**each**" means "**each and every**"; and the word "**including**" means "**including but not limited to**."

22. Unless otherwise defined herein, all words and phrases are to be given their plain, customary, and usual meanings.

23. Any interrogatory framed in the disjunctive shall also be taken in the conjunctive and vice versa.

24. All words in the present tense include the past and all words in the past tense include the present.

25. As used herein, the singular shall include the plural; the plural shall include the singular; and the masculine, feminine, and neuter shall include each of the other genders.

## INTERROGATORIES

1. Identify all persons whom you contend have knowledge of the facts and circumstances, including but not limited to any claims and/or defenses, alleged in the Pleadings, including the facts which you contend are known to each person, and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person.

**ANSWER:**

2. Identify the name, address, telephone number and email address of any person, entity or internal department who provided information, consultation, or assistance with answering these Interrogatories. If applicable, please include an identified person's official position or relationship to the Defendant.

**ANSWER:**

3. List all documents, with particularity, that you consulted, relied on, or have any relation to the substance of these interrogatories even if you did not consult with such documents to prepare these Interrogatories. Please state the title of each document, identify its signatories, including their titles, the date the document was prepared or signed, and the name of its present custodian and present location. Please include and list separately, any and all drafts of each document. Finally, if a document is stored electronically and/or in binary format, please state the location of the hard drive or other media where the information is stored.

**ANSWER:**

4. State every known instance Defendant or Defendant's agent(s) reprimanded, counseled, or otherwise disciplined Plaintiff, whether oral, written, or otherwise. Include the

extent of the punishment for Plaintiff's alleged violation and describe the applicable internal policy. Additionally, please include the name of the individual who reprimanded Plaintiff on Defendant's behalf.

**ANSWER:**

5. For the last seven (7) years, state in detail any and all prior allegations made against Defendant for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance. Such complaints include those your employees/agents made, internally, formal, or otherwise, and those employment grievances filed against Defendant with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance with the Defendant's policy. For each claim, list the following:

    a. the name, address and telephone number for the claimant and his/her attorney;

    b. the nature of the event;

    c. the names and address of all parties involved;

    d. the date and manner in which the event was resolved; and

    e. if any Court filings, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

**ANSWER:**

6. State in detail any and all prior allegations made against Andrea Fassi for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance. Such complaints include those your employees/agents made, internally, formal, or

otherwise, and those employment grievances filed against Andrea Fassi with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance. For each claim, list the following:

      a. the name, address and telephone number for the claimant and his/her attorney;

      b. the nature of the event;

      c. the names and address of all parties involved;

      d. the date and manner in which the event was resolved; and

      e. if any Court filings, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

**ANSWER**:


7. Describe any employment benefits Plaintiff received during her employment with Defendant, including but not limited to, Plaintiff's salary, in addition to health insurance benefits, sick leave benefits, or any other benefits Plaintiff was entitled to or eligible to receive as an employee of Defendant.

**ANSWER:**

8. Identify each and every person from whom you, or anyone acting in your behalf, has obtained any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by someone other than said person or not, concerning the facts of this lawsuit. Include in your answer the identity of the custodian of same.

**ANSWER:**

9. List any and all written and/or recorded statements or reports of all witnesses or potential witnesses in this lawsuit in your possession, custody or control, excluding any privileged reports or statements between any party to this action and the party's attorneys.

**ANSWER:**

10. Identify all persons involved in and/or otherwise aware of the investigation into Plaintiff's complaints and accusations as related to her employment with Defendant and the asserted discriminatory practices, including, but not limited to, human resources personnel, supervisors, employees, independent contractors, or any other person who acted as Defendant's agent(s), and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person. Include in your response all documents prepared, obtained, and/or otherwise reviewed during the course of any such investigation.

**ANSWER:**

11. Identify all employees who were responsible for either preparing and/or administering Defendant's personnel, employee(s) and human resources policies, trainings, and/or procedures during the Plaintiff's employment with Defendant, including but not limited to the employee(s) designated and responsible for receiving and investigating complaints of discrimination, harassment, and/or retaliation from employees.

**ANSWER:**

12. Describe in detail any alleged deficiencies or issues that Defendant had with Plaintiff's work performance or attendance during Plaintiff's employment with Defendant, if any. In doing so, identify any and all documents which reflect said deficiencies or issues.

**ANSWER:**

13. Describe in detail the reason for the Plaintiff's termination, including the date of termination, and the name, title, supervisor, and race, of any employee(s) involved, whether in whole or in part, in the decision to terminate the Plaintiff.

**ANSWER:**

14. Identify any complaint(s) of discrimination or harassment reported by the Plaintiff to the Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any remedial action taken in connection with, or in response to, such complaint(s).

**ANSWER:**

15. Identify any investigations or inquiries conducted in response to any complaint(s) of discrimination or harassment reported by the Plaintiff to Defendant. For each investigation or inquiry identified, please state: (1) the nature of the complaint or allegation being investigated, (2) the date the investigation was initiated, (3) the date the investigation was concluded, (4) any conclusions or findings made at the conclusion of the investigation, and (4) the name, title, and race of any employee(s) responsible for conducting the investigation.

**ANSWER:**

16. Identify any complaint(s) of a failure to accommodate Plaintiff's pregnancy-related conditions, specifically a failure to provide a legally compliant pump space, by the Plaintiff to the Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any remedial action taken in connection with, or in response to, such complaint(s).

**ANSWER:**

17. Identify any investigations or inquiries conducted in response to any complaint(s) of a failure to accommodate Plaintiff's pregnancy-related conditions reported by the Plaintiff to Defendant. For each investigation or inquiry identified, please state: (1) the nature of the complaint or allegation being investigated, (2) the date the investigation was initiated, (3) the date the investigation was concluded, (4) any conclusions or findings made at the conclusion of the investigation, and (4) the name, title, and race of any employee(s) responsible for conducting the investigation

**ANSWER:**

18. Identify all employees of Defendant whom you contend had supervisory authority over the Plaintiff during the course of the Plaintiff's employment with the Defendant, and provide the name, title, supervisor, and race, and indicate whether they are still employed with Defendant.

**ANSWER:**

19. Describe in detail all of Defendant's designated pump space(s) provided to employees at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location for expressing

breast milk at any of the Defendant's locations since July 1, 2024, including but not limited to the dimensions, furnishings, privacy features, sanitary conditions, and compliance with the requirements of the PUMP Act, 29 U.S.C. § 218d.

**ANSWER:**

20. State whether any new pump spaces were implemented or any modifications were made to existing pump spaces at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location on or after July 1, 2024; if so, describe the modifications in detail, the reasons for the changes, and identify any documents or communications, that are not privileged, relating to the decision to make such changes.

**ANSWER:**

21. State the terms of any insurance agreement under which any person or entity engaged in the insurance business may be liable to satisfy part or all of any judgment which may be entered against Defendant in this action.

**ANSWER:**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on January 15, 2025, on all counsel of record on the service list below via email.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## **SERVICE LIST**

**FORDHARRISON LLP**
Elizabeth M. Rodriguez, Esq.
erodriguez@fordharrison.com
Florida Bar No.: 821690
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101

*Attorneys for Defendant*