**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DANIELLE HARKINS,

      Plaintiff,                                   CASE NO.: 24-23800-CIV-FAM

v.

HILLSTONE RESTAURANT GROUP,
INC.,

      Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT HILLSTONE RESTAURANT GROUP, INC.

Plaintiff, DANIELLE HARKINS ("Plaintiff" and/or "Ms. Harkins"), by and through her undersigned counsel, hereby requests that Defendant, HILLSTONE RESTAURANT GROUP, INC. ("Defendant" and/or "Hillstone"), produce the following items. Pursuant to Federal Rule of Civil Procedure 34, you are required to produce these items no later than thirty (30) calendar days following service, to Plaintiff's undersigned counsel at 520 Brickell Key Drive, Suite O-301, Miami, FL 33131 or via e-mail.

    Dated:  Miami, Florida
             January 15, 2025,                   **DEREK SMITH LAW GROUP, PLLC**
                                                                *Counsel for Plaintiff*

                                                                */s/ Daniel J. Barroukh*
                                                                 Daniel J. Barroukh, Esq.
                                                                 Florida Bar No.: 1049271
                                                                 Derek Smith Law Group, PLLC
                                                                520 Brickell Key Drive, Suite O-301
                                                                Miami, FL 33131
                                                               Tel: (305) 946-1884
                                                               Fax: (305) 503-6741
                                                               danielb@dereksmithlaw.com

EXHIBIT "B"

## INSTRUCTIONS

The following instructions are to be considered applicable to this request with respect to each document sought herein:

1. **ORIGINAL DOCUMENTS**

In producing these documents, you are requested to produce originals, not copies, of the documents requested. You are also requested to furnish all documents known or available to you, regardless of whether these documents are held or produced directly by you or your agent, employees, representatives, investigators, partners, or by your attorneys or their agents, employees, representatives or investigators. The documents which are sought by this request for production shall include not only those documents which are in the dominion or control of yourself, or your representatives or agents, but also those which are held by anyone on your behalf, and not merely such documents as are known to you of your own personal knowledge.

2. **ELECTRONIC DOCUMENTS**

When a document in electronic form is responsive to this discovery request, please produce such other information about the format in which the document is stored and the program that created it so that the document may be meaningfully opened, read, and used.

3. **COPIES**

If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies are not identical or are no longer identical by reason of subsequent notations or modifications of any kind whatsoever, including without limitation, notations on the front and the back of the pages thereof, then each such non-identical copy is a separate document and must be produced.

4. **PRIVILEGES**

In the event that you seek to withhold any documents on the basis that it is properly entitled to limitation of discovery, or is subject to an Insurance Policy or privilege, please identify each such document withheld by providing the following information:

    a. the date of the document;
    b. the subject to which the document relates;
    c. the author of the document, and the author's address;
    d. the name of the recipient, addressee, or party for whom such document was intended, and the name of all other persons to whom the document or copies thereof were furnished, as

  well as those to whom it, or copies thereof, became available at any time, together with the job title and address of each person so identified; and,

 e. the basis for the Insurance Policy or privilege. If you assert a privilege as to any portion of any categories of materials described herein, please produce the remainder of that category as to which you do not assert a privilege.

### 5. LOST DOCUMENTS OR THINGS

If you have any knowledge of any document called for by this discovery request that was at one time, but is no longer in your possession, custody, or control, identify each such document and state whether it is:

 a. missing or lost, destroyed or transferred voluntarily or involuntarily to others, and if so, to whom; or how otherwise disposed of; and,

 b. for each such instance, explain the circumstances surrounding the authorization for such disposition; the person authorizing such disposition; and the date of such disposition.

### 6. SUPPLEMENTING THE PRODUCTION

This request shall be deemed continuing so as to require prompt, further and supplemental production if Respondent locate or obtain possession, custody or control of additional responsive documents at any time prior to trial herein and any and all other rules of the court having jurisdiction over this matter.

### 7. OBJECTION TO A DOCUMENT REQUEST

If you state an objection to a document request, please provide the documents that you contend would be within the scope of permissible discovery.  If you object to part of any request to produce and refuse to answer that request, state your objection, identify the part to which you are objecting, and answer the remaining portion of the request.  If you object to the scope or the time period of any request, state your objection, identify the scope or time period to which you are objecting and answer the request for the scope or time period you believe appropriate.

### DEFINITIONS

Please use the following definitions and comply with the following instructions in responding to this document request.

1. "**Defendant,**" "**Hillstone**," "**HILLSTONE RESTAURANT GROUP, INC.,**" "**you**" or "**your**" shall mean HILLSTONE RESTAURANT GROUP, INC., including servants,

agents, employees, representatives, divisions, attorneys, and anyone else acting on behalf of Defendant, HILLSTONE RESTAURANT GROUP, INC.

2. "**Plaintiff**," "**DANIELLE HARKINS**," "**Ms. Harkins**" shall mean the Plaintiff in this action, Danielle Harkins.

3. "**Person**" or "**persons**" means any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, including its officers, directors, members, agents and/or employees.

4. "**Date**" means the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5. "**Agent**" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6. "**Employment**" or "**employed**" means the entire time period during which an individual was receiving compensation of any kind from Defendant, regardless of whether Defendant classified the individual as an independent contractor or an employee for tax purposes during that period.

7. "**Pay Period**" shall mean whatever seven-day period (e.g. Sunday to Saturday) is or was used by the Employer for calculation of pay and/or overtime pay. If the Employer does not or did not use such a seven-day period and instead uses or used some other interval (e.g. calendar month) for calculation of pay, then "Pay Period" means such an interval. Otherwise, "Pay Period" means the seven-day period starting on Sunday at 12:01 A.M. (**Note: "Pay Period" does not necessarily correspond to the interval at which employees were actually paid by the Employer.**)

8. "**Document**" or "**documents**" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including but not limited to emails, text messages, social media postings, and any files stored on any personal computer(s), notebook or laptop computer, file server, portable drive, or other storage device as well as written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with

such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; Electronically Stored Information ("ESI") and any other documents within Defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

9. "**Electronically Stored Information**" and "**ESI**" means any information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases; erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; smart phones; IM tools; or USB drives.

10. "**All documents**" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

11. "**Communication**" means any utterance heard by another person, whether in person, by telephone, by mechanical or electronic reproduction or otherwise, every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

12. "**All communications**" means each and every communication as above defined that is known to you or about which you have any information.

13. "**Referring to**" or "**relating to**" means to refer to, reflect, pertain or in any manner be connected with the matter discussed.

14. "**Documents referring or relating to**" or "**communications referring or relating to**" any given subject means each document and communication that constitutes, deals with, refers to or is in any way pertinent to that given subject, including but not limited to documents and communications concerning the preparation of other documents.

15. "**Concerning**" includes all that which refers to, relates to, constitutes, describes, evidences, contains, discusses, embodies, reflects, identifies, states or concerns in any way, a given matter.

16. Unless otherwise defined herein, all words and phrases are to be given their plain, customary and usual meanings.

17. Any request framed in the disjunctive shall also be taken in the conjunctive and vice versa.

18. The word "**any**" means "**any and all**"; the word "**each**" means "**each and every**"; and the word "**including**" means "**including but not limited to**."

19. All words in the present tense include the past and all words in the past tense include the present.

20. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

**REQUESTED DOCUMENTS**

1. All documents in the possession or control of Defendant that relate or pertain to the Plaintiff.

2. All documents identified and/or listed in your answers to Plaintiff's First Set of Interrogatories.

3. All documents that relate to or support any affirmative defense set forth in the Answer or that you could use in response to any claim asserted by the Plaintiff.

4. Any and all photographs, negatives, recordings, and/or videos of Plaintiff for the duration of her employment with Defendant.

5. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff and Defendant and/or Defendant's employees, agents, officers, or representatives, from July of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

6. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between any of Defendant's employees, agents, officers, or representatives, from July of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

7. All communications sent or received via the Defendant's internal messaging system, referring or relating to the keyword terms "DANIELLE HARKINS" and/or "Ms. Harkins" from July of 2023 to the present.

8. Any and all non-privileged communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, or other forms of internal communication between Defendant's employees, managers,

officers, and/or other staff discussing Plaintiff and/or the claims asserted in this lawsuit, from July of 2023 to the present.

9. All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

10. All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of her employment with Defendant.

11. All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during her employment with the Defendant.

12. All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

13. All documents regarding Defendant's compensation of Plaintiff from or around July of 2023, through present, including but not limited to tip-sharing and/or tip-pooling policies, tip-sharing and/or tip-pooling agreements, tip sharing and/or tip-pooling records from each shift.

14. From or covering the period of July of 2023 to the present, any written material referring or relating to Defendant's policies regarding regular and overtime pay as it relates to Plaintiff.

15. All documents regarding the hours of employment that reflect work shifts and/or hours worked by Plaintiff in 2023, including but not limited to timesheets/punchcards, shift schedules, training schedules, payroll records, disciplinary/advisory meetings, and meeting schedules.

16. Any and all documents regarding the hours of employment and compensation of all employees at HILLSTONE RESTAURANT GROUP, INC. from July of 2023 through the present, including but not limited to timecards (punchcards), work schedules, payroll records, and state and local tax records.

17. All documents reflecting correspondence with any payroll provider regarding Plaintiff's compensation or hours of work in 2023.

18. Notes, reports, e-mails, correspondence and other communications, and data entries regarding:

   a. Hours worked by Plaintiff in 2023;

   b. Plaintiff's rate of pay in 2023;

   c. Tip-share agreements in 2023;

   d. Tip-share data from in 2023;

   e. Wages paid to Plaintiff in 2023;

   f. Overtime pay for Plaintiff in 2023;

19. Documents showing policies of Defendant in effect during the period covered by this action regarding:

   a. Hours of work;

   b. Overtime;

   c. Methods of compensation;

   d. Distribution of compensation;

20. All written statements, notes, diaries, calendars, memoranda, reports or other documents made by Defendant, or on Defendant's behalf, relating to the issues raised by Plaintiff in her Complaint, or relating to Defendant's discriminatory conduct towards Plaintiff.

21. All documents that relate or pertain to any position(s) that Plaintiff held with Defendant, including but not limited to, documents referring to or relating to Plaintiff's performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

22. All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

23. All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of her employment with Defendant.

24. All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during her employment with the Defendant.

25. All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

26. The complete personnel file of Plaintiff DANIELLE HARKINS including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, investigations, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time; and, if not included in the personnel file, all documents which reflect or set forth Plaintiff's job duties and responsibilities during her relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or write-ups,

and all documents that evidence, reflect or describe any complaints made by Plaintiff against Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff.

27. The complete personnel file of ANDREA FASSI, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against ANDREA FASSI, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives)

28. The complete personnel file of Giselle Saouda, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups.

29. All documents that relate or pertain to Defendant's personnel handbook provided to employees at the outset of their employment, which was in effect during the course of Plaintiff's employment, which describes Defendant's employment policies to prevent discrimination under federal and state employment discrimination laws.

30. All documents that relate or pertain to Defendant's policies or procedures regarding harassment, discrimination, and retaliation which were in effect during Plaintiff's employment with the Defendant.

31. All documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding the investigation of employee complaints of discrimination or retaliation, which were in effect during Plaintiff's employment with Defendant.

32. All documents that relate or pertain to Defendant's policies or procedures regarding pregnancy-related accommodation, including policies or procedures regarding pumping, which were in effect during Plaintiff's employment with the Defendant.

33. All documents that relate or pertain to Defendant's policies, including EEO (Equal Employment Opportunity) policies, employee computer and internet use policies, internal complaint or grievance procedures, EAP Program, vacation and paid time off policies and procedures, and employee discipline policies (including but not limited to, counseling, written warnings, suspension, demotion, and termination policies), policies on promotions and/or severance pay, which were in effect during Plaintiff's employment with Defendant.

34. All documents that relate or pertain to Defendant's policies concerning discrimination on the basis of sex and/or pregnancy, which were in effect during Plaintiff's employment with Defendant.

35. All documents that relate or pertain to Defendant's policies concerning protected activity and/or retaliation, which were in effect during Plaintiff's employment with Defendant.

36. All documents that relate or pertain to Defendant's policies regarding reporting and complaining about unlawful and/or discriminatory behavior, which were in effect at any time during Plaintiff's employment.

37. All documents that reflect, describe, or relate to the financial condition (including all assets and liabilities) of Defendant, for the past five (5) years, including but not limited to, financial statements, annual reports, balance sheets, asset and liability statements and profit and loss, and income tax returns (including information returns).

38. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location since January 1, 2022.

39. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal complaints, discrimination, and/or retaliation, which were made by any person against any of Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location employees, agents, managers, officers, supervisors or directors at any time during Plaintiff's employment with Defendant.

40. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location at any time during her employment.

41. All non-privileged documents of Plaintiff's complaints of harassment, discrimination, or retaliation, during the course of Plaintiff's employment with the Defendant.

42. All non-privileged documents of Plaintiff's complaints of a failure to accommodate or failure to provide a legally compliant pump space during the course of Plaintiff's employment with Defendant.

43. All documents, including emails and text messages, relating to or evidencing any investigation by Defendant into Plaintiff's complaints of discrimination and/or harassment, which are at issue in this lawsuit, and the action taken in response to those complaints and/or investigations.

44. All documents, including emails and text messages, relating to or evidencing any investigation by Defendant into Plaintiff's complaint of a failure to accommodate or failure to provide a legally compliant pump space, which are at issue in this lawsuit, and the action taken in response to those complaints and/or investigations.

45. All documents supplied to any state, federal and/or local agency by Defendant regarding Plaintiff, including but not limited to any and all documents showing communications between Agency and any city, state, federal and/or local Official concerning Plaintiff, including position statements given to the U.S. Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations.

46. All documents that relate or pertain to Plaintiff's applications for promotions or alternative positions with Defendant throughout the entirety of her employment, including but not limited to applications, job postings, resumes, candidate lists, interview records/notes, and calendaring.

47. All photographs and videos depicting the pump space(s) provided for expressing breast milk at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location since January 1, 2023, including any visual depictions of the surrounding areas adjacent to the pump space(s).

48. All blueprints, floor plans, or architectural drawings showing the location and layout of the pump space(s) and surrounding areas at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location since January 1, 2023.

49. Any written policies, procedures, or guidelines concerning the selection, maintenance, or modification of pump space(s) at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location since January 1, 2023.

50. All inspection records, reports, or documents related to the cleanliness, safety, and functionality of the Defendant's pump space(s) at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location since January 1, 2023.

51. All documents reflecting modifications or alterations made to the pump space(s) or surrounding areas at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location, including work orders, maintenance logs, or construction records since January 1, 2023.

52. All documents identifying all spaces designated for expressing breast milk at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location since January 1, 2023, including records showing when the spaces were designated for such use.

53. All documents related to the accessibility of the pump space(s) at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location, including but not limited to information about locks, barriers, or other privacy measures in place since January 1, 2023.

54. Produce all documents reflecting any signage, labeling, or markings indicating the designation of the pump space(s) at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location, and include any instructions provided to employees regarding access since January 1, 2023.

55. All communications, including emails, memoranda, or meeting notes, discussing the designation, use, or adequacy of the pump space(s) and surrounding areas at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location since January 1, 2023.

56. All documents or communications reflecting complaints, reports, or grievances made by employees regarding the condition, privacy, or adequacy of the pump space(s) or surrounding areas at Defendant's 201 Miracle Mile, Coral Gables, FL 33134 location since January 1, 2023.

57. All documents or records reflecting employee access to the pump space(s) and surrounding areas at Defendant's 201 Miracle Mile, Coral Gables, FL 33134, including key card access logs, sign-in sheets, or surveillance footage indicating who entered the space since July 1, 2023.

58. All documents, including emails and text messages evidencing, reflecting, or describing, in whole or in part, the Plaintiff's termination.

59. All documents you intend to introduce at trial and/or summary judgment to defend against Plaintiff's claims or to support the affirmative defenses raised in your answer.

60. All documents that relate or pertain to those persons who Defendant intends to call as an expert witness, as well as the copy of said expert's report, memoranda or other items contained in said expert witness' file including all correspondence or emails between said expert and Defendant or Defendant's counsel, if any.

61. All documents received as a result of any subpoena(s), release(s), or FOIA request(s), you have issued in connection with this matter.

62. All statements, oral or written, sworn or otherwise, taken from any witnesses, Defendant's current or former employees, officers, representatives, or agents or any third parties, and any memoranda of interviews concerning the subject matter of this litigation.

63. Any report or other documents provided to you by a private investigator that relate or refer to the above-styled matter.

64. All documents which relate or pertain to any agreements between you and any third parties concerning Plaintiff or the subject matter of this action.

65. All insurance policies pursuant to which any portion of claims alleged in this case will or may be indemnified.

66. A list of the names and positions of all individuals employed by Defendant at the premises located at 201 Miracle Mile, Coral Gables, FL 33134, during Plaintiff's period of employment with Defendant, including supervisors, managers, human resources personnel, and individuals in subordinate roles relative to Plaintiff, such list (a) to be current as of the date of Plaintiff's termination and (b) to include an employee roster and/or timesheets disclosing the full names of such employees.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on January 15, 2025, on all counsel of record on the service list below via email.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**FORDHARRISON LLP**
Elizabeth M. Rodriguez, Esq.
erodriguez@fordharrison.com
Florida Bar No.: 821690
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101

*Attorneys for Defendant*